UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER C. DAVIDSON,<br>             Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK SECURITIES, INC.,<br>DEUTSCHE BANK AMERICAS<br>HOLDING CORPORATION, and<br>DEUTSCHE BANK AMERICAS<br>SEVERANCE PAY PLAN,<br><br>             Defendants | Civil Action No. 1:04-cv-11027-RGS |

**DEFENDANTS' PROPOSED SCHEDULING STATEMENT**

Defendants Deutsche Bank Securities, Inc., Deutsche Bank Americas Holding Corporation, and Deutsche Bank Americas Severance Pay Plan (collectively, "defendants") hereby submit their scheduling statement for review at the December 15, 2004 Scheduling Conference. The defendants' scheduling statement addresses: (1) a proposed agenda of matters to be discussed at the scheduling conference; (2) a proposed pretrial schedule (including a plan for initial disclosures, discovery, the filing of motions, and a pretrial conference); and (3) certifications required by Local Rule 16.1(D)(3).

The defendants are obliged to report that this is not a joint statement. *See* Local Rule 16.1(D). That is because the plaintiff's counsel has failed to address any of the issues discussed herein, despite multiple requests and the very clear directive in the Court's September 17, 2004 Notice of Scheduling Conference ("Scheduling Order") that the parties must confer at a reasonable time prior to the scheduling conference to plan for discovery and the exchange of initial disclosures. *See also* Local Rule 16.1(B). In an

1

effort to comply with the requirements of the Local Rules and this Court, undersigned counsel sent a letter (by facsimile and mail) to plaintiff's counsel on November 17, 2004 in which he (1) proposed dates to conduct the conference required by Local Rule 16.1 and Fed. R. Civ. P. 26(f); and (2) requested a draft of a proposed scheduling statement from plaintiff's counsel.  Three weeks elapsed, and plaintiff's counsel did not respond.  Faced with this silence, undersigned counsel undertook the task of drafting a proposed joint scheduling statement, which he then faxed and mailed to plaintiff's counsel on December 7, 2004, along with a letter any soliciting comments.  Once again, there was no response from plaintiff's counsel.

Because the Court's Scheduling Order requires that the proposed pretrial schedule be filed five days before the December 15, 2004 scheduling conference, the defendants must file the following schedule today.

**I.      Agenda of Matters to be Discussed At Scheduling Conference**

  A.      <u>Plaintiff's Failure to Provide Any Settlement Proposal.</u>  Although the Court's Scheduling Order and Local Rule 16.1(C) provide that "Plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date of the conference," the plaintiff has not done so.

  B.      <u>Trial By Magistrate Judge</u>.  The defendants do not consent to trial by a Magistrate Judge.

  C.      <u>Proposed Pretrial Schedule</u>

        1.      Initial Disclosures

        2.      Discovery Plan

        3.      Motion Schedule

        4.      Pretrial Conferences

    D.    <u>Any Matter Listed in Fed. R. Civ. P. 16(c).</u>

**II.**    <u>**Proposed Pretrial Schedule**</u>

    A.    <u>**Initial Disclosures**</u>

The defendants provided their initial disclosures to plaintiff's counsel on December 10, 2004. Plaintiff has not provided his initial disclosures, and the defendants request that the Court order the plaintiff to do so by no later than December 17, 2004.

    B.    <u>**Discovery Plan**</u>

**Deadline for Completion of Discovery/Limitations on Discovery:** The defendants propose: (1) that discovery shall be served so that the responses shall be completed by <u>June 3, 2005</u>; and (2) that discovery shall be conducted pursuant to the limitations set forth in Local Rule 26.1(C), except that <u>each side shall be limited to five (5) depositions</u>. The defendants do not anticipate any need for expert testimony by either party.

    C.    <u>**Motion Schedule**</u>

**Motion to Dismiss:** Defendants' Motion to Dismiss is already on file and set for oral argument on <u>December 15, 2004</u>.

**Motion For Summary Judgment:** Any motion for summary judgment shall be filed by <u>August 1, 2005</u>.

    D.    <u>**Pretrial Conference**</u>

The defendants believe that the parties should be prepared to meet with the Court to discuss scheduling the trial of this matter on or after <u>September 16, 2005.</u>

IV.     **Certifications By Counsel and Parties**

On December 9, 2004, the defendants and their counsel filed their certification in accordance with Local Rule 16.1(D)(3). As of today's date, the plaintiff and his counsel have not done so.

>   DEUTSCHE BANK SECURITIES, INC.,
>   DEUTSCHE BANK AMERICAS HOLDING
>   CORPORATION, AND DEUTSCHE
>   BANK AMERICAS SEVERANCE PAY
>   PLAN,
>
>   By their attorneys,
>
>   /s/      Scott A. Roberts
>   Scott A. Roberts, BBO##550732
>   sroberts@swmlawyers.com
>   A. Lauren Carpenter, BBO#551258
>   lcarpenter@swmlawyers.com
>   SULLIVAN WEINSTEIN & McQUAY, P.C.
>   Two Park Plaza
>   Boston, MA 02116
>   617-348-4300

Dated: December 10, 2004

## CERTIFICATE OF SERVICE

I, Scott A. Roberts, hereby certify that a copy of the foregoing document was served by mailing same, postage prepaid, first class mail to Allison M. O'Neill, Craig and Macauley Professional Corporation, Federal Reserve Plaza, 600 Atlantic Avenue, Boston, MA 02210 on December 10, 2004.

>  /s/ Scott A. Roberts
>  Scott A. Roberts