## SULLIVAN WEINSTEIN & MCQUAY

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

SCOTT A. ROBERTS
(617) 348-4340
SRoberts@swmlawyers.com

February 3, 2005

**BY MAIL**
Allison M. O'Neil, Esq.
Craig and Macauley Professional Corporation,
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Re: *Davidson v. Deutsche Bank*
Civil Action No. 04-cv-11027-RGS

Dear Allison:

Enclosed please find Deutsche Bank's Motion and Supporting Memorandum to Dismiss First Amended and Restated Complaint, which was e-filed with the Court today.

When we spoke in early January about Deutsche Bank's intention to file this Motion, I informed you that Deutsche Bank was quite angered by the assertion in Mr. Davidson's Amended and Restated Complaint that he is owed 12 weeks salary (approximately $28,900). See, e.g., Amended Complaint, ¶13. As Mr. Davidson acknowledges in the Amended Complaint, he failed to satisfy a condition precedent to receiving 12 weeks of pay, namely signing "a Release Agreement in the form and within the time required by the Bank." However, despite that failure, Deutsche Bank nonetheless paid him 8 weeks of severance pay ($19,230.77). I enclose a computer screen printout that reflects the payment of that amount to Mr. Davidson's bank account via direct deposit (Check No. 00130785) on or about March 26, 2004.

I presume that Mr. Davidson did not alert you to this payment before you filed the Amended Complaint, although he certainly must have known about it. As a courtesy to you, I have not raised the issue in Deutsche Bank's current Motion to Dismiss the Amended Complaint. But now that you know the facts, I must insist that you immediately inform the Court that Mr. Davidson is withdrawing the claim that Deutsche Bank owes him $28,900 when it plainly does not.

Candidly, I believe that the better part of valor at this stage would be for Mr. Davidson to simply withdraw this action in its entirety. As Deutsche Bank's latest Motion to Dismiss makes very clear, the Amended Complaint fails to cure the defects in his claims, even after a trip back to the drawing board. Deutsche Bank remains determined to fight his claims, which it considers frivolous. In view of those facts, you

Allison M. O'Neill
February 3, 2005
Page 2

may wish to have serious discussion with your client about whether he wants to continue to incur the costs of pursuing this matter.

    Please contact me at your earliest convenience to let me know how you intend to proceed.

Sincerely,

Scott A. Roberts

cc:    A. Lauren Carpenter, Esq.
       (w/ encl.)

[Screenshot of ADP PC/Payroll for Windows with HR/Profile]

Employee - DEP 138995 Christopher C Davidson

Week #: 13-1
Pay Date: 03/26/2004
Period End: 03/31/2004
Transaction Type: Voucher
Check #: 00130785

| Type | Total |
|---|---|
| Hours | |
| Earnings | 19,230.77 |
| Taxes | 6,105.77 |
| Deductions | 73.28 |
| Deposits | 13,051.72 |
| Memos | |
| Gross | 19,230.77 |
| Net | |

| Code | Description | Hours | Earnings | Field |
|---|---|---|---|---|
| Q | Severance 1 | | 19,230.77 | 3 |

View Mode: Single Check        Check 3 of 37

Genny Sage
Payroll - 60 Wall St. 22nd floor
Mailstop NYC60-2202
Phone # 212-250-9318
Fax # 212-797-0429